UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT FLORIDA
ORLANDO DIVISION

LILY CHAUVIN                                                   CASE NO.:
    Plaintiff,

v.

RTR TITLE, LLC and REIFKIND,
THOMPSON & RUDZINSKI. P.L.
D/B/A RTR LAW
    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LILY CHAUVIN, by and through the undersigned counsels, hereby files this cause of action against Defendants, RTR TITLE, LLC AND REIFKIND, THOMPSON & RUDZINSKI, P.L D/B/A RTR LAW (herein after referred to as "RTR LAW"), and alleges as follows:

1. This is an action for damages in excess of $15,000.00, exclusive of interest, costs, and attorneys' fees for gender-based discrimination and retaliation against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC Section 2000e-2 ("Title VII) and Florida's Civil Rights Act of 1992, Florida Statutes, Chapter 760, et. seq. ("FCRA").

2. At all times material to this action, Plaintiff was a resident of Orange County, Florida.

3. Defendants RTR TITLE, LLC and RTR LAW are authorized to conduct business in the State of Florida, with their principal place of business being in Orange County, Florida.

4. Venue is proper because all matters relevant to this Complaint occurred in Orange County, Florida, within this District.

5. RTR TITLE, LLC and RTR LAW share operations, including, but not limited to, payroll, human resources department, and managerial staff.

6. Together, RTR TITLE, LLC and RTR LAW and jointly controlled and supervise workers. Both entities coordinate in hiring and firing workers.

7. In or about July 2020, LILY CHAUVIN, was interviewed by managers of both RTR TITLE, LLC and RTR LAW. LILY CHAUVIN'S interview panel included, Nicholas Thompson, a Partner of RTR LAW.

8. In or about July 2020, Ms. Chauvin began her employment with RTR TITLE, LLC, as a marketer for the title company. Mr. Thompson, a Partner of RTR LAW, regularly supervised LILY CHAUVIN.

9. At no time during her employment, was LILY CHAUVIN ever counseled or otherwise disciplined with regard to her performance. The undersigned has in fact requested any and all documentation as to any performance issues: no such documentation exists.

10. Shortly after her hire, LILY CHAUVIN was subjected to several disparaging, sexually explicit and inappropriate comments by RTR LAW's partner, Nicholas Thompson, Esquire.

11. On at least one instance Mr. Thompson indicated that LILY CHAUVIN should take potential and existing clients to strip clubs and "show them a good time."

12. In September 2020, LILY CHAUVIN had a prescheduled vacation from work. The day prior to her vacation, she spoke with Mr. Thompson (on or about September 4, 2020)

wherein he remarked that she was going on vacation "just to fuck men." Mr. Thompson was angry that she was taking a vacation and he called her a "cunt."

13. LILY CHAUVIN immediately reported the incident to Ms. Hope Richards (another manager) and Head of RTR TITLE, LLC. Ms. Richards indicated she would resolve the issues regarding Mr. Thompson's unprofessional conduct and gender-based discrimination.

14. LILY CHAUVIN made clear to Ms. Richards that Mr. Thompson's conduct was gender-based discrimination.

15. The employers, admittedly, never initiated an investigation into LILY CHAUVIN'S allegations.

16. When LILY CHAUVIN returned to the office on Monday, September 8, 2020, she was terminated in retaliation for having complained of sexual harassment and gender discrimination.

17. LILY CHAUVNN is a member of a protected class.

18. Defendants are "employers" as defined by TITLE VII and the FCRA.

19. LILY CHAUVIN timely filed a Charge of Discrimination.

20. All conditions precedent for filing this action have been met., including the exhaustion of administrative procedures. A true and correct copy of the Right to Sue Notice is attached hereto as Exhibit "A."

21. LILY CHAUVIN has retained the law firm of DSK Law, and she is liable for reasonable attorneys' fees and costs.

## COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

22. Plaintiff re-incorporates by reference Paragraphs 1 through 21.

23. By way of the conduct described above, Defendants have engaged in discrimination against LILY CHAUVIN due to and because of her gender, and subjected LILY CHAUVIN to gender-based discrimination.

24. LILY CHAUVIN was subjected to sexually based conduct, which was severe, pervasive and unwanted and culminated into a hostile work environment

25. The harassment was based on LILY CHAUVIN'S female gender and the sexual harassment did so have the effect of unreasonably interfering with her work performance in creating an intimidating, hostile or offensive working environment that affected seriously LILY CHAUVIN'S well-being.

26. These exist a basis for the employers' liability.

27. Such discrimination was based upon LILY CHAUVIN'S gender in that she would not have been the object of discrimination but for the fact that she is female.

28. Defendants' conduct, complained of herein, was willful and in disregard of LILY CHAUVIN'S protected rights.

29. Defendants and their supervisory personnel were aware that discrimination, on the basis of gender, was unlawful but acted in reckless disregard for the law.

30. At all times relevant to this action, the individuals exhibiting discriminatory conduct toward LILY CHAUVIN possessed the authority to affect terms, conditions, and privileges of LILY CHAUVIN'S employment.

31. As a result of Defendants' conduct, LILY CHAUVIN has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

32. The conduct of Defendants as described herein, as committed by and through the conduct of its agents, employees, and/or representatives, and the Defendants failure to make prompt and remedial action to prevent continued discrimination against the Plaintiff, deprived LILY CHAUVIN of statutory rights under federal law.

33. The actions of Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to LILY CHAYVIN'S statutorily protected rights, thus entitling LILY CHAUVIN to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish Defendants for their actions and to deter them, and others, from such actions in the future.

**WHEREFORE**, LILY CHAUVIN, seeks declaratory relief; back pay; front pay; benefits adjustments, compensatory damages for humiliation, emotional distress, and loss of enjoyment of life; costs, reasonable attorneys' fees, and costs; punitive damages; pre and post judgment interest; and any other relief that this Court deems is just and proper.

### COUNT II: GENDER DISCRIMINATION IN VIOLATION OF FCRA

34. Plaintiff re-incorporates by reference Paragraphs 1 through 21.

35. By way of the conduct described above, Defendants have engaged in discrimination against LILY CHAUVIN due to and because of her gender, and subjected LILY CHAUVIN to gender-based discrimination.

36. LILY CHAUVIN was subjected to sexually based conduct, which was severe, pervasive, and unwanted and culminated into a hostile work environment

37. The harassment was based on LILY CHAUVIN'S female gender and the sexual harassment did so have the effect of unreasonably interfering with her work performance in creating an intimidating, hostile or offensive working environment that affected seriously LILY CHAUVIN'S well-being.

38. These exists a basis for the employers' liability.

39. Such discrimination was based upon LILY CHAUVIN'S female gender in that she would not have been the object of discrimination but for the fact that she is female.

40. Defendants' conduct, complained of herein, was willful and in disregard of LILY CHAUVIN'S protected rights.

41. Defendants and their supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard for the law.

42. At all times relevant to this action, the individuals exhibiting discriminatory conduct toward LILY CHAUVIN possessed the authority to affect terms, conditions, and privileges of LILY CHAUVIN'S employment.

43. As a result of Defendants' conduct, LILY CHAUVIN has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

44. The conduct of Defendants as described herein, as committed by and through the conduct of its agents, employees, and/or representatives, and the Defendants failure to

make prompt and remedial action to prevent continued discrimination against the Plaintiff, deprived LILY CHAUVIN of statutory rights under state law.

45. The actions of Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to LILY CHAYVIN'S statutorily protected rights, thus entitling LILY CHAUVIN to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish Defendants for their actions and to deter them, and others, from such action in the future.

**WHEREFORE**, LILY CHAUVIN, seeks declaratory relief; back pay; front pay; benefits adjustments, compensatory damages for humiliation, emotional distress, and loss of enjoyment of life; costs, reasonable attorneys' fees, and costs; punitive damages; pre and post judgment interest; and any other relief that this Court deems is just and proper.

## COUNT III: UNLAWFUL RETALIATION PURSUANT TO TITLE VII

46. Plaintiff incorporates by reference Paragraphs 1 through 21.

47. This is an action for unlawful retaliation pursuant to Title VII of the Civil Rights Act.

48. During times relevant to this Complaint, LILY CHAUVIN engaged in protected activities, including, but not limited to filing an internal complaint of gender discrimination with the Defendants and filing the instant cause of action.

49. The Defendants were aware of WILSON having engaged in protected activities.

50. Defendants' managers, agents, and employees acting on behalf of Defendant, deprived LILY CHAUVIN of her employment.

51. LILY CHAUVIN suffered adverse employment actions because of her protected activities, which included, but were not limited to, her being terminated.

52. Defendant engaged in unlawful retaliation of LILY CHAUVIN because of her engaging in protected activities as set forth above

53. As a direct and proximate result of Defendant's willful, knowing, malicious and intentional retaliation, on account of her protected activities, LILY CHAUVIN has and continues to suffer damages.

54. Plaintiff was deprived of her rights guaranteed by law.

55. Said acts of retaliation by Defendants, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including, but not limited to, actual damages, loss of past and future earnings, employment benefits and job opportunities, mental anguish, embarrassment, and humiliation.

**WHEREFORE**, LILY CHAUVIN, seeks declaratory relief; back pay; front pay; benefits adjustments, compensatory damages for humiliation, emotional distress, and loss of enjoyment of life; costs, reasonable attorneys' fees, and costs; punitive damages; pre and post judgment interest; and any other relief that this Court deems is just and proper.

## COUNT VI
## RETALIATION CLAIM PURSUANT TO FLORIDA'S CIVIL RIGHT ACT

56. Plaintiff incorporates by reference Paragraphs 1 through 21.

57. This is an action for unlawful retaliation pursuant to Florida's Civil Rights Act.

58. During times relevant to this Complaint, LILY CHAUVIN engaged in protected activities, including, but not limited to filing an internal complaint of gender discrimination with the Defendants and filing the instant cause of action.

59. The Defendants were aware of WILSON having engaged in protected activities.

60. Defendants' managers, agents, and employees acting on behalf of Defendant, deprived LILY CHAUVIN of employment.

61. LILY CHAUVIN suffered adverse employment actions because of her protected activities, which included, but were not limited to, her being terminated.

62. Defendant engaged in unlawful retaliation of LILY CHAUVIN because of her engaging in protected activities as set forth above

63. As a direct and proximate result of Defendant's willful, knowing, malicious and intentional retaliation, on account of her protected activities, LILY CHAUVIN has and continues to suffer damages.

64. Plaintiff was deprived of her rights guaranteed by law.

65. Said acts of retaliation by Defendants, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including, but not limited to, actual damages, loss of past and future earnings, employment benefits and job opportunities, mental anguish, embarrassment, and humiliation.

**WHEREFORE**, LILY CHAUVIN, seeks declaratory relief; back pay; front pay; benefits adjustments, compensatory damages for humiliation, emotional distress, and loss of enjoyment of life; costs, reasonable attorneys' fees, and costs; punitive damages; pre and post judgment interest; and any other relief that this Court deems is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 (b) Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

*"THIS SPACE WAS INTENTIONALLY BLANK"*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via process server.

DSK Law
De Beaubien, Simmons, Knight,
Mantzaris & Neal, LLP

<u>/s/ Lindsay N. Greene</u>
**Lindsay N. Greene, Esquire**
Florida Bar No. 269610
332 N. Magnolia Avenue
Orlando, Florida 32801
Phone: (407) 422-2454
Facsimile: (407) 849-1845
lgreene@dsklawgroup.com
jthomas@dsklawgroup.com
*Attorneys for Plaintiff*

# Exhibit A

EEOC Form 161-B (01/2022)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ms. Lily Chauvin<br>13631 Carroway Street<br>Windermere, FL 34786 | From: | Tampa Field Office<br>501 East Polk St, Suite 1000<br>Tampa, FL 33602 |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2020-04680 | Pedro Hernandez,<br>Federal Investigator | (813) 710-9372 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    More than 180 days have passed since the filing of this charge.

    The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

                          On behalf of the Commission

                          *Evangeline Hawthorne*    Digitally signed by Evangeline Hawthorne
                                                        Date: 2022.07.22 12:52:56 -04'00'

Enclosures(s)                       **Evangeline Hawthorne**
                                 Director

cc:     **Brandon J. Gibson, Esq.**
        **RTR Law / RTR Title**
        3333 Commercial Boulevard, Suite 200
        Ft. Lauderdale, FL 33309
        bgibson@rtrlaw.com

        **Lindsay N Greene**
        **DSK LAW**
        332 North Magnolia Avenue
        Orlando, FL 32801
        lgaston@dsklawgroup.com